BIRCH, Circuit Judge,
concurring in part and dissenting in part:
I fully concur with the majority’s analysis of and ruling on the district court’s failure to properly charge the jury. With regard to the majority’s conclusion that the record reflects adequate evidence to sustain the prosecution’s burden on the conspiracy charges, I respectfully dissent.
Mindful of the prosecution’s burden to prove guilt beyond a reasonable doubt, a review of the record manifests that there was no direct or circumstantial evidence presented that Kottwitz and the Marchellettas conspired to impede the IRS. There was no evidence that showed that Kottwitz knew how the Marehellettas would treat any of the Circle expenses which benefitted them personally on their tax returns, had any in put in the preparation of their tax returns, or ever saw their tax returns. There was no evidence presented showing that Kottwitz ever even saw the Consulting Agreement or the Payment Guarantee between Senior and Nastasi & Associates, had any direct knowledge of the terms of those documents, or had any information as to their tax treatment. As Senior maintains, the documents — and the IRS’s acceptance of *1276 Circle’s taxes on the first three months’ payments of the $6,000 consulting fees— support a conclusion that the payments were income to Circle and not to Senior. The written consulting agreement provided that Nastasi was retaining the services of Senior and Circle, and Nastasi’s IT people consulted with Circle’s IT people. Senior was a salaried employee of Circle and paid income taxes based on a W-2 that he received from Circle. The Nastasi monies were reclassified by Schwartz so as not to be recognizable as taxable income to Circle and Schwartz failed to inform Senior of the adjustment or to advise him that his 2000 tax returns needed to be amended to reflect the adjustment. There was no evidence that (1) Kottwitz directed the readjustment of Senior’s payments as taxable income to Senior, (2) attempted to cover up the original classification of the payments, or (3) Senior knew of the readjustment of these payments. There was no evidence presented that either Junior or Senior directed any account entries into Circle’s accounts. The construction costs for Crabapple and Newport Bay were set up as separate accounts in Circle’s books, and all expenses were tracked within those accounts. There was no evidence that Kottwitz made any decisions regarding the Newport Bay property or how it was, or was not, treated on Circle’s books or by Senior. There was no evidence that Kottwitz ever saw Circle’s tax returns or had any input other than providing documentation for Schwartz. There was no evidence that Kottwitz had any involvement in the preparation, execution or submission of Junior’s or Senior’s tax returns or knew how Circle’s payments for the home construction and other expenses were treated in Junior and Senior’s personal tax returns.
There was no evidence that suggests that Kottwitz or the Marchellettas knew that Circle would file a false 2001 tax return. Kottwitz and the Marchellettas never saw the tax return before it was filed or took any action in preparation of it with an expectation that it would be filed with materially false statements.
Moreover, the personal expense entries in Circle’s books could not have been characterized as dividends or balanced in relation to Junior’s and Senior’s shareholder interests until the end of Circle’s accounting year. The determination of these expenses from 1 April 2000 until 31 March 2001 as taxable income could also not occur until the end of Circle’s fiscal year, after 31 March 2001, and the adjusted entries were made in September 2001. At that time, the Marchellettas recognized their constructive income and paid their respective taxes. Those determinations could not be made for the 2000 tax year. The conspiracy convictions should be reversed.
Because the government did not show that Kottwitz or the Marchellettas knew of a tax conspiracy or that Kottwitz or the Marchellettas voluntarily and knowingly agreed to impede the IRS’s collection of taxes, it failed on its burden of proof with respect to the convictions on Count One.